UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TYJUAN GEE,

            Plaintiff,           Case No. 2:25-cv-119

v.                                   Honorable Phillip J. Green

ALGER CORRECTIONAL FACILITY,
et al.,

            Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues LMF and its "Warden," Douglas Tasson, in their official capacities for violation of Plaintiff's rights under "42 U.S.C. § 1983." (Compl., ECF No 1. PageID.1–2.)

Plaintiff alleges that was confined to segregation for an additional 30 days after his initial period of confinement to segregation had concluded. (*Id.*, PageID.2.) Additionally, his custody classification was increased. (*Id.*) Plaintiff alleges that both actions were done "without a hearing, notice, or a waiver," violating Plaintiff's right to due process. (*Id.*)

As a result of the actions described in Plaintiff's complaint, Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.5.)

### II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must

determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

Plaintiff sues Defendants in their official capacities only, seeking monetary relief. (ECF No. 1, PageID.1, 5.) A suit against an individual in his or her official

capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks monetary damages. However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Therefore, Plaintiff may not seek monetary damages against Defendants in their official capacities, and he fails to state a claim against Defendants in their official capacities upon which relief can be granted.

### B. Individual Capacity Claims

Although Plaintiff indicates that he sues Defendants in their official capacities only (ECF No. 1, PageID.1), given Plaintiff's request for monetary relief (*id.*, PageID.5), the Court will liberally construe Plaintiff's complaint as raising claims against Defendants individually as well.

#### 1. Defendant LMF

Plaintiff has named LMF as a Defendant in the caption of his complaint and in his list of Defendants. (*Id.*, PageID.1.) As this Court noted in *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013), "individual prisons named as Defendants . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners. They are not the proper public entity for suit" *Id.* at *7; *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . .[; i]t is a department of the county . . . ."); *Caruthers v. Corr. Medical Serv., Inc.*, No. 1:10-cv-274, 2010 WL 1744881, at *1 (W.D. Mich. Apr. 27, 2010) ("The Duane Waters Hospital is not an entity capable of being sued. Rather, it is a building owned by the Michigan Department of Corrections."); *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009) ("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . .").

Moreover, § 1983 expressly requires that a named defendant be a "person." *See Monell*, 436 U.S. 658. As discussed above, neither the State of Michigan nor the MDOC is a "person" within the meaning of § 1983. *See Will*, 491 U.S. 58. Obviously, because LMF is not an entity separate from the MDOC, it is not a "person" under § 1983 either. *See, e.g.*, *Tinney v. Detroit Reentry Center*, No. 2:19-CV-10894-TGB, 2020 WL 4334964, at *2 (E.D. Mich. July 28, 2020) (stating "[a] state prison facility is not a person . . . capable of being sued under § 1983"); *Ward v. Healthcare Clinic*, No. 16-10646, 2016 WL 3569562, at *1 (E.D. Mich. July 1, 2016) (same); *Poole*, 2009 WL 2960412, at *1 (same).

Finally, to the extent that Plaintiff named LMF as a Defendant in an attempt to hold all staff members liable for the alleged violation of Plaintiff's constitutional rights, he has failed to state a claim for relief. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). "Summary reference to a single, five-headed 'Defendants' [or officers or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted).

Accordingly, for each of the foregoing reasons, the Court will dismiss Plaintiff's claims against LMF.

### C. Claims Against Defendant Warden Tasson

Plaintiff also names LMF "Warden," Defendant Tasson, in his list of Defendants. (ECF No. 1, PageID.1.) However, Plaintiff does not otherwise mention

Defendant Warden Tasson in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not present any factual allegations against Defendant Tasson.² The United States Court of Appeals for the Sixth Circuit "has consistently

---

² Plaintiff does not identify any individual who made the decision to keep Plaintiff in segregation for an additional 30 days or to increase Plaintiff's security classification. (*See* ECF No. 1, PageID.2, ¶ 3.) However, even if Plaintiff had identified others responsible for those decisions, Plaintiff does not list any individual Defendants in the caption of his complaint and no individuals other than Defendant Tasson have been named in Plaintiff's list of Defendants. (*See id.*, PageID.1.) Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). And, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of

held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Plaintiff's claims against Defendant Tasson fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff seeks to hold Defendant Tasson liable due to his supervisory position, government officials, such as Defendant Tasson, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *See Grinter*, 532 F.3d at 575–76; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way

---

parties" were not parties to the action). Accordingly, any intended claims against possible non-party individuals responsible for the actions described in Plaintiff's complaint would be properly dismissed for failure to state a claim upon which relief may be granted.

10

directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff's factual allegations are insufficient to suggest that Defendant Tasson encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in any unconstitutional.  Therefore, for these reasons, Plaintiff fails to state any claim upon which relief may be granted against Defendant Tasson.  Accordingly, the Court will dismiss Plaintiff's complaint against Defendant Tasson.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore*, 114 F.3d at 611.  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

11

A judgment consistent with this opinion will be entered.


Dated:  July 8, 2025                             /s/ Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge